Kabba v. Lynch

BIA
Sichel, IJ
A073 552 586

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>    *Circuit Judges.*

_____

ALHAGIE KABBA, AKA ISSA DIAKHITE,
>    *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

14-3065
NAC

FOR PETITIONER:    Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:    Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Andrew N. O'Malley, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alhagie Kabba, who claims to be a native and citizen of Mauritania, seeks review of a July 25, 2014, decision of the BIA affirming a December 16, 2013, decision of an Immigration Judge ("IJ") denying Kabba's motion to rescind his *in absentia* deportation order and reopen his proceedings. *In re Alhagie Kabba*, No. A073 552 586 (B.I.A. July 25, 2014), *aff'g* No. A073 552 586 (Immig. Ct. N.Y. City Dec. 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, motions to reopen deportation proceedings in which an alien was ordered deported *in absentia* are governed by different rules depending on whether the movant seeks to rescind the *in absentia* deportation order or present new evidence of his eligibility for relief. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (B.I.A. 1998) (en banc). When, as here,

2

an alien files a motion that seeks both rescission of an in absentia deportation order as well as reopening of deportation proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to rescind an *in absentia* deportation order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357.

A.   Motion to Rescind

"An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed: (1) Within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien (e.g., serious illness of the alien or serious illness or death of an immediate relative of the alien, but not including less compelling circumstances); or (2) At any time if the alien

3

demonstrates that he or she did not receive notice . . .."
8 C.F.R. § 1003.23(b)(4)(iii)(A). Kabba argues that, while he was personally served notice of his hearing, he had no actual notice because he could not read or write English. As the BIA noted, however, there is no requirement that notices to appear be provided in an alien's native language. *See Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006). Because Kabba received notice of his hearing, his motion to rescind was subject to the 180-day time limit. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A).

It is undisputed that Kabba's 2013 motion to rescind was untimely filed because the IJ's *in absentia* deportation order was issued more than 17 years earlier in 1996. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). Kabba argues that his interpreter's failure to tell him that his hearing notice provided the date and time of a hearing was akin to ineffective assistance of counsel, which qualifies as an "exceptional circumstance" to toll the time period for filing his motion. Even assuming that his interpreter's actions qualified as "exceptional circumstances", Kabba was required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or

4

should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (requiring an alien to demonstrate due diligence independent from the requirement of demonstrating ineffective assistance of former counsel). We have noted that, in considering whether a petitioner exercised due diligence, "there is no period of time which we can say is per se unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The agency reasonably found that Kabba failed to demonstrate that he exercised due diligence. He did not take any action in his deportation proceedings for more than 16 years from receipt of his hearing notice in 1996 until 2012. *See id.* (providing that the "petitioner bears the burden of proving that he has exercised due diligence" and citing several cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen a proceeding ha[d] failed to demonstrate due diligence"). Further, we will not consider in the first instance Kabba's assertion that he had no knowledge

5

of the *in absentia* deportation order until 2012. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). We note, however, that he was required to show diligence from the time the ineffective assistance "should have been[] discovered by a reasonable person in the situation," *Jian Hua Wang*, 508 F.3d at 715, a time that commenced well before 2012.

B.   Motion to Reopen

The BIA also did not abuse its discretion in denying Kabba's motion to reopen as untimely.  Aliens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.    8 U.S.C.   § 1229a(c)(7)(C)(i);   8 C.F.R. § 1003.23(b)(1).  First, there was no dispute that Kabba's 2013 motion was untimely filed more than 17 years after his 1996 deportation order.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

The time period for filing a motion to reopen may be tolled by the ineffective assistance of counsel.  *See Rashid*, 533 F.3d at 130.  As the BIA concluded, however,  Kabba's ineffective assistance claim as to his former attorney who filed his first motion to reopen in 2012 was not relevant to the tolling analysis as the claim had no bearing on the time period from 1996 until

6

2012, (which, as discussed above, had not otherwise been tolled).

Although a motion asking the agency to exercise its authority to reopen sua sponte may be granted outside the 90-day period for moving to reopen, *see* 8 C.F.R. § 1003.23(b)(1), we lack jurisdiction to review a decision declining to reopen sua sponte, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Kabba has not asserted that the agency misperceived the law in declining to reopen sua sponte, *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), and the record does not support Kabba's contention that the IJ's discretionary decision was tainted by his former attorney's false statements in his first motion to reopen given her explicit reliance on Kabba's false statements made independent of his former attorney. Accordingly, we are without jurisdiction to consider the denial of his motion to this extent. *See* <u>id</u>.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7